IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:12-CR-30320-NJR-1 |
| KATHRYN G. GARTEN, | |
| Defendant. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Hardship Credit for Hard Time Served filed by Defendant Kathryn G. Garten. (Doc. 139). Garten asks the Court to award her two days of credit for every one of the estimated 375 days she claims she has been in lockdown at FCI-Aliceville due to COVID-19. Garten claims she has been locked in her cell for 22 or more hours a day, she has had limited access to recreation, the meals can be considered "gruel," the water is brown, personal hygiene is "significantly degraded," and medical care is scarce. Garten alleges these conditions are a violation of her constitutional right to be free from cruel and unusual punishment.

This Court has no jurisdiction to grant the relief requested. A district court lacks authority to modify a defendant's sentence after it has been imposed except in very limited circumstances. *See* 18 U.S.C. § 3582(c) (authorizing a district court to modify a term of imprisonment: (1) if there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) to correct an arithmetical, technical, or other clear error identified in a sentence within seven days of its imposition; and (3) when a defendant

has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission).

After a defendant has been sentenced, the Bureau of Prisons ("BOP") has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, it is the BOP, not the district court, that is responsible for computing a sentence credit award. *Id.*; *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). If a defendant disagrees with the BOP's computation of sentence credit, she may seek administrative review and then file a petition under 28 U.S.C. § 2241 in the district of her confinement. *Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)).

Here, Garten asks the Court to issue double credit for her time served due to alleged unconstitutional conditions of confinement. Garten has not alleged any grounds upon which the Court has authority to modify her sentence, however, and the Court lacks jurisdiction to give her credit for her time in lockdown. To the extent Garten wishes to challenge the challenge the constitutionality of her conditions of confinement at FCI Aliceville in a civil rights action, or to challenge the BOP's computation of credit awards against her federal sentence in a habeas action under 28 U.S.C. § 2241, such actions must be brought in the Northern District of Alabama.

For these reasons, Motion for Hardship Credit for Hard Time Served filed by Defendant Kathryn G. Garten (Doc. 139) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 5, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**