IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:12-CR-30320-NJR-1 |
| KATHRYN GARTEN, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a *pro se* Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Kathryn Garten. (Doc. 141). In 2013, a jury found Garten guilty of conspiracy to conduct a telemarketing timeshare resale scheme that targeted timeshare owners across the United States, Canada, and other countries. (Docs. 1, 101). Now retired District Judge G. Patrick Murphy sentenced Garten to 168 months' imprisonment and five years' supervised release. (Doc. 101). Garten is scheduled to be released on August 26, 2025.[1]

Prior to the passage of the First Step Act of 2018 a defendant seeking compassionate release first had to request it from the director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act modified that provision to allow inmates to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

---

[1] https://www.bop.gov/inmateloc/ (last visited Feb. 3, 2022).

earlier.

After such a motion is filed, either by the director of the BOP or by the defendant, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release and it has considered the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the § 3553(a) factors when deciding compassionate release motions. *Id.* District courts may also turn to the policy statement in U.S.S.G. § 1B1.13 for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

Here, there is no dispute Garten exhausted her administrative remedies before filing her motion. (Doc. 141 at p. 4). Garten's form motion, however, provides no basis for relief. She references only the COVID-19 pandemic, which, on its own, is not an extraordinary or compelling reason for release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to a vaccine cannot use risk of COVID-19 to obtain compassionate release).

Because Garten has not provided any extraordinary or compelling reasons for compassionate release or a reduction in sentence, the Court need not consider the § 3553(a) sentencing factors. The Court further declines to appoint an attorney for Garten to advance an untenable argument. Accordingly, Garten's Motion for Reduction in Sentence Pursuant to

18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**