IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KATHRYN GARTEN,

        Defendant.

Case No. 3:12-CR-30320-NJR-1

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is the Motion for Reconsideration filed by Defendant Kathryn Garten. (Doc. 148). Garten asks the Court to reconsider its denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (*Id.*). In her original motion, Garten cited only the COVID-19 pandemic, which the Seventh Circuit Court of Appeals has held is not an extraordinary or compelling circumstance warranting compassionate release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Thus, the Court denied Garten's motion. (Doc. 145).

    Garten now asks the Court to reconsider her motion given that new facts and law that have emerged since her original filing. (Doc. 148). Specifically, Garten points to her eligibility under the First Step Implementation Act, her substantial rehabilitation, her family circumstances, including the death of her adult daughter, and her need for significant dental work. (*Id.*). Garten also contends that the factors listed in 18 U.S.C. § 3553(a) weigh in favor of her early release. (*Id.*).

Motions to reconsider are permitted in criminal cases and may be filed to allow district courts the opportunity to promptly correct errors. *United States v. Healy*, 376 U.S. 75, 77 (1964); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). "The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). A manifest error of law warranting relief "is not demonstrated by the disappointment of the losing party" and instead means "wholesale disregard, misapplication, or failure to recognize controlling precedent" by a district court. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

"A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). The Seventh Circuit has made clear that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Newton*, No. 21-2514, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). A district court must consider the movant's individualized arguments and evidence in determining whether his medical conditions constitute extraordinary and compelling reasons for compassionate release. *Id.*

As an initial matter, the Court notes that the First Step Implementation Act, while introduced and considered by the Senate Committee on the Judiciary, has not been

passed by Congress or signed into law. *See* S.1014 – First Step Implementation Act of 2021, https://www.congress.gov/bill/117th-congress/senate-bill/1014 (last visited June 30, 2022). Thus, any argument pertaining to the First Step Implementation Act is premature.

Furthermore, Garten's efforts at rehabilitation, while commendable, are not extraordinary and compelling circumstances justifying compassionate release. *See* 28 U.S.C. § 995(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Garten cites *United States v. Millan*, an unreported district court case from the Southern District of New York as support for her argument that an inmate's rehabilitation can, on its own, serve as extraordinary and compelling circumstances. No. 91-CR-685 (LAP), 2020 WL 1674058, at *14 (S.D.N.Y. Apr. 6, 2020). But in that case, the court considered the defendant's exceptional rehabilitation along with sentencing disparities among similarly situated defendants. *Id.* at **8-15. Thus, it is inapposite here.

With regard to family circumstances, the Court is sympathetic to the death of Garten's daughter in February 2022 and her mother in 2016. Nevertheless, the death of loved ones is not extraordinary; it is shared experience among all humans.

Finally, Garten asserts her teeth were destroyed in 2018 when she was hit with a thousand-pound steel door while exiting her unit. She claims the Bureau of Prisons has not tried to fix her teeth, and, as a result, she suffers from open wounds and abscesses that make her more susceptible to contract COVID-19 or other illnesses. But chronic conditions that can be managed in prison, on their own, do not provide a sufficient basis for compassionate release. *See, e.g., United States v. Ellis*, No. 2:14-CR-33, 2022 WL 522559,

at *3 (N.D. Ind. Feb. 22, 2022). And the CDC has not determined that dental issues, including abscesses, are conditions that make a person more likely to get very sick from COVID-19. *See* "People with Certain Medical Conditions," May 2, 2022, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 30, 2022). Thus, this argument also fails.

Based on the information provided by Garten, the Court finds that it made no manifest error of law or fact warranting reconsideration. Garten has not demonstrated extraordinary and compelling reasons for compassionate release. And because there are no extraordinary and compelling circumstances, the Court need not consider the factors established by 18 U.S.C. § 3553(a). *See Ugbah*, 4 F.4th 595, 598 (2021) ("Because Ugbah cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all.").

For these reasons, the Motion for Reconsideration filed by Defendant Kathryn Garten (Doc. 148) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 1, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**